UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEVIN ANTHONY DIXON,

        Petitioner,

v.                                       CASE NO. 04-CV-70545-DT
                                         HONORABLE NANCY G. EDMUNDS

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

Petitioner Kevin Anthony Dixon, a Michigan prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of four counts of third-degree criminal sexual conduct following a jury trial in the St. Clair County Circuit Court and was sentenced to 10 to 22 ½ years imprisonment in 1999. In his pleadings, Petitioner raises claims concerning the effectiveness of trial counsel and the trial court's jury instructions. For the reasons stated, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**II.    Facts and Procedural History**

Petitioner's convictions arise from his sexual relationship with 15-year-old Chandra Thomas, his wife's goddaughter, in St. Clair County, Michigan. Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, which was

1

dismissed for failure to file a timely brief. *People v. Dixon*, No. 224684 (Mich. Ct. App. Sept. 20, 1999) (unpublished).

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, and leave to appeal was granted. Appellate counsel filed a brief asserting that the incorrect scoring of offense variables warranted re-sentencing. Petitioner also attempted to submit a supplemental *pro se* brief raising the following issues: (1) he was denied a fair trial when the trial court abused its discretion in admitting his confession in violation of *Miranda*, (2) he was denied a fair trial when the prosecutor failed to provided defense counsel with requested discovery, (3) he was denied a fair trial when the trial court denied a motion for adjournment to allow defense counsel to prepare for trial, (4) he was denied a fair trial when the trial court failed to read a cautionary instruction to the jury on the issue of abortion and failed to give an instruction on fourth-degree criminal sexual conduct, (5) he was denied the effective assistance of counsel when trial counsel failed to prepare for trial, failed to call *res gestae* witnesses, and failed to file a notice of alibi, and when appellate counsel failed to timely pursue his appeal as of right, (6) he should be re-sentenced because his sentence is disproportionate, and (7) he should be re-sentenced due to numerous sentencing errors. Although the supplemental brief was apparently filed, the record indicates that it was submitted beyond the deadline set by court order. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence, only addressing the sentencing issue raised in appellate counsel's brief. *See People v. Dixon*, No. 234124 (Mich. Ct. App. Dec. 2, 2002). Petitioner attempted to file a delayed application for leave to appeal with the Michigan Supreme Court, but it was rejected as a late application on February 4, 2003.

Petitioner filed his initial petition for writ of habeas corpus with this Court in 2004 asserting the following claims:

> I. Petitioner's ineffective assistance of counsel claims and claims that the trial court's refusal to give requested jury instructions violated his right to a fair trial must be deemed exhausted.
>
> II. Petitioner was denied effective assistance of counsel where counsel failed to advocate that his confession was obtained in violation of *Miranda*.
>
> III. Petitioner is entitled to a new trial based on ineffective assistance of counsel where counsel failed to prepare a viable defense.
>
> IV. Petitioner was denied a fair trial when the trial court refused to instruct the jury on the necessarily included offense of criminal sexual conduct, fourth degree.
>
> V. Petitioner is entitled to an evidentiary hearing on the issues presented.

On Respondent's motion, the Court dismissed the petition without prejudice for failure to fully exhaust state court remedies on September 15, 2004. The Court's order gave Petitioner the right to re-open the case following the prompt exhaustion of his claims in the state courts.

Petitioner thereafter filed a motion for relief from judgment in the state trial court raising the claims contained in his current habeas petition. The trial court denied the motion, finding that Petitioner failed to sustain his burden of establishing cause and prejudice under MCR 6.508. *People v. Dixon*, No. 99-2164-FH (St. Clair Co. Cir. Ct. Feb. 24, 2005). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Dixon*, No. 268591 (Mich. Ct. App. Aug. 16, 2006) (unpublished). Petitioner's application for leave to appeal with the Michigan Supreme Court was similarly denied. *People v. Dixon*, 477 Mich. 948, 723 N.W.2d 868 (2006).

Petitioner then filed a motion to re-open this case, which the Court granted. Petitioner also filed the present habeas petition asserting the following claims:

I. Petitioner was denied the effective assistance of counsel under the Sixth Amendment of the United States Constitution when counsel failed to advocate that his confession was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1984).

II. Petitioner was denied the effective assistance of counsel under the Sixth Amendment of the United States Constitution when counsel failed to prepare a viable defense to the charges against him.

III. Petitioner was denied a fair trial under the Sixth Amendment and Due Process Clause of the Fourteenth Amendment to the United States constitutional when the trial court refused to instruct the jury on the lesser offense of criminal sexual conduct, fourth degree.

Respondent has filed an answer to the petition asserting that it should be denied because the claims are barred by procedural default. Petitioner has filed a reply to that answer.

## III. Analysis

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006), *cert. denied*, _ U.S. _, 127 S. Ct. 578 (2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last

4

*explained* state court judgment should be used to make this determination. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Here, the Michigan appellate courts relied upon Michigan Court Rule 6.508(D) in denying Petitioner leave to appeal. That rule provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. *See* Mich. Ct. R. 6.508(D). The state court decisions, while brief, were based upon an independent and adequate state procedural rule. *See Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000). Further, the record reveals that the trial court denied the motion for relief from judgment because Petitioner failed to sustain his burden under MCR 6.508. *Cf. Abela v. Martin*, 380 F.3d 915, 922-23 (6th Cir. 2004) (Michigan Supreme Court's reference to MCR 6.508(D) may not be clear procedural default when a lower court denies relief on the merits).

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. This claim itself, however, has been procedurally defaulted because Petitioner did not present the issue in his motion for relief from judgment before the state

appellate courts. A claim of ineffective assistance of counsel asserted as cause to excuse a procedural default is an independent constitutional claim which requires proper exhaustion in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). The record demonstrates that Petitioner has not properly exhausted his ineffective assistance of appellate counsel claim in the state courts. Consequently, Petitioner has defaulted that claim in the state courts and cannot rely upon appellate counsel's alleged ineffectiveness to establish cause to excuse the procedural default of his habeas claims. *See, e.g., Jacobs v. Mohr*, 265 F.3d 407, 417-18 (6th Cir. 2001).

The Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Moreover, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. His claims are thus barred by procedural default and do not warrant habeas relief.

## IV.    Conclusion

For the reasons stated, the Court concludes that Petitioner's claims are barred by procedural default and that he is not entitled to relief on the claims contained in his petition.

6

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

s/Nancy G. Edmunds
**Nancy G. Edmunds**
**United States District Judge**

**Dated: May 12, 2008**

**I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 12, 2008, by electronic and/or ordinary mail.**

s/Carol A. Hemeyer

**Case Manager**